JOHN C. ROLAND, *Appellant,* v. THE ST. JOSEPH & GRAND ISLAND RAILWAY COMPANY, *Appellee.*

No. 16,516.

RAILROAD BRIDGE—*Obstruction of a Stream—Duty to Anticipate Overflow.* A petition held to state a cause of action in virtue of allegations that a railroad in laying its track over a stream and the adjacent lowland negligently omitted to provide an outlet for water that overflowed the banks in times of floods that were to have been anticipated, thereby causing injury to the plaintiff's land.

Appeal from Doniphan district court; WILLIAM I. STUART, judge. Opinion filed May 7, 1910. Reversed.

*S. M. Brewster,* and *Ryan & Ryan,* for the appellant.
*J. J. Baker,* and *R. A. Brown,* for the appellee.

*Per Curiam:* John C. Roland brought an action against the St. Joseph & Grand Island Railway Company to recover damages on account of the flooding of his lands occasioned by its bridge across a stream. His petition was held to be fatally defective, and he appeals. Its allegations, so far as here important, are in substance that the defendant's railroad crosses Wolf river at a point where the waters of that stream occasionally overflow the low ground on each side, the roadbed being upon an embankment some six feet high, measured from the level of such low ground; that "said defendant . . . knew . . . that said stream overflowed as aforesaid and widened out on either side, and that it required, and was necessary, to have an opening of several hundred feet on either side of said Wolf river to carry off the water in time of heavy rains and floods, yet said defendant constructed said roadbed as aforesaid, and as a part thereof constructed a short bridge, not to exceed ninety feet in length, with piling driven in the stream and timbers extending down about thirty inches below the top . . . of said roadbed, entirely insufficient

to carry off the water at ordinary high-water mark, and insufficient to let the water of said Wolf river pass through or under said roadbed; that said embankment, roadbed and bridge were so constructed as aforesaid that the same formed . . . a dam and obstruction to the water of said Wolf river and the overflow water of the low ground on either side thereof; that the said roadbed, bridge and railroad were so constructed . . . negligently, carelessly and willfully, with the full knowledge that the same would dam up the water of Wolf river and the overflow water therefrom in times of high water and floods and damage plaintiff's lands and crops."

The defendant claims that the petition shows that the water, the obstruction of which is alleged to have caused the plaintiff's injury, had overflowed the banks of the stream and was therefore surface water, which could be obstructed without occasioning liability. The allegation is that the embankment and bridge operated as a dam to the water of the river as well as to the overflow, so that the contention, if otherwise good, would not apply to the entire pleading. The record, however, fairly presents the question whether the obligation of a railroad company in laying its track over a stream and the adjacent low ground is merely to allow room for the passage of so much water as can be carried within the banks. This question has already been answered in the negative in *Manufacturing Co. v. Bridge Co.*, 81 Kan. 616, and upon the authority of that case the judgment must be reversed.